[No 2293. Decided September 23, 1896.]

E. C. MILLION, *Respondent*, v. M. C. SOULE, *Appellant*

MUNICIPAL CORPORATION — POWER TO DISCOUNT ITS WARRANTS.

A municipal corporation cannot enter into a contract to discount
its own warrants, and, in pursuance thereof, deliver in payment of
the purchase price of land, warrants whose face value is in a larger
sum than the purchase price agreed upon.

Appeal from Superior Court, Skagit County.— HON.
HENRY MCBRIDE, Judge. Affirmed.

*Kerr & McCord*, for appellant.

*Million & Houser*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to restrain the
treasurer of Mount Vernon from paying certain war-
rants on the general fund, held by the defendant

Soule. A decree was rendered in favor of plaintiff, and Soule has appealed.

It appeared that one Jackson was the owner of some real estate which the town desired to purchase; that Jackson's price therefor was $2,000; that the town did not have the money and that its warrants were at a discount. A deed of the real estate, to the town, was made by Jackson and deposited in the First National Bank of Mount Vernon to be delivered upon receipt of $2,000 in money. One Moody, the cashier of the bank and agent of the appellant, agreed with the town authorities to pay said sum of $2,000 in consideration of the receipt of $2,300 in town warrants, and the same were issued accordingly, payment made and the deed delivered.

There is no substantial dispute as to these matters, but appellant contends that the effect of the proceedings upon the part of the town was an agreement to give $2,300 in warrants for the real estate, and that the town could do this. We cannot agree therewith. The price for the real estate was $2,000, and by virtue of the agreement the town issued $2,300 in warrants for that sum.

We held in *Arnott v. Spokane*, 6 Wash. 442 (33 Pac. 1063), that a town could not discount its warrants. It is true there was a direct contract to that effect in that case, but if it could not be accomplished directly, it certainly should not be permitted by a subterfuge, and that is substantially what the transaction would be from appellant's standpoint, it being conceded that the price for the property was only $2,000.

The action of the court in restraining the payment of the $300 is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.